Case No. 1:19-cv-07202

## United States District Court Eastern District of New York

David Wyche  *Plaintiff/Pro se Litigant*

V.

K&M Systems Inc. & Crown Castle USA Inc.
*Defendants*

## Motion for Reconsideration of Hon. Matsumoto Order to Grant Defendant's Motion to Compel Arbitration

David Wyche - **Plaintiff**
1 Towne Center Apt 621
Cliffside Park, NJ 07010

V.

**Defendants**

1. Attorney for **K&M Systems Inc.**
   Lewis Brisbois Bisgaard & Smith
   LLP 77 Water Street Suite 2100
   New York, NY 10005

2. Attorney for **Crown Castle USA Inc.**
   Ogletree, Deakins, Nash, Smoak, & Stewart,
   P.C 599 Lexington Avenue 17th Floor
   New York, NY 10016

Hon. Kiyo A. Matsumoto Eastern District Brooklyn

## Tables of Contents

1. Introduction ...Pg. 3
2. Procedurally and Substantively Unconscionable. Pg.3
3. NY CPLR 7515 Pg. 4
4. Federal Arbitration Act Pg. 4
5. Exempt from forced arbitration Pg. 6
6. Conclusion. Pg. 7

## Table of Authorities

1. Federal Arbitration Act - 9 U.S.C. § 1.... Pgs.3,4,5, 7

2. Federal Arbitration Act - 9 U.S.C. § 2.... Pgs.3,4,5,7

3. NY CPLR 7515- Prohibition Mandatory Arbitration of Employment Discrimination Claim Pgs. 4,6,8.

## Cases

1. Armendariz v. Foundation Health Psychcare, 6 P.3d 669 (Cal. 2000). Pg. 3
2. Circuit City Stores, Inc. v Adams, 532 U.S. 105, 112 (2001). Pg. 3
3. Andowah Newton v. LVMH Moët Hennessy Louis Vuitton Inc., Sup. Ct., N.Y. County, (July 13, 2020). Pg. 4
4. New Prime Inc. v. Oliveira, 586 U.S Supreme Court. (2019). Pg. 5

### A. Introduction

This motion seeks to contest Hon. Matsumoto's order granting the defendant's motion to compel arbitration based on the facts and merits of this case that were overlooked in this order. I'm contesting the judge's order as it is in conflict with rulings of comparable cases opined by the ninth circuit, which possess jurisdiction over the defendant "K&M Systems Inc." as the defendant is located in San Diego California. Also, the work contract is in conflict with the Federal Arbitration Act -9 U.S.C. §1 & 9 U.S.C.§ 2 and is unconscionable as a document. I'm respectfully requesting Hon. Matsumoto to reconsider and dismiss the defendant's motion to compel arbitration.

### B. Procedurally and Substantively Unconscionable #2 Reasons

Respectfully, Hon. Matsumoto's order is in conflict with the ninth circuit ruling: "Circuit City Stores, Inc. v Adams, 532 U.S. 105, 112 (2001)" regarding being substantively and procedurally unconscionable. (1) The work contract provided the defendant with unequal bargaining power over new employees i.e., David Wyche, (2) including coercing new employees to arbitrate employee claims i.e., David Wyche. I was not able to help amend agreement terms instead I was placed in a "take it or leave it" situation "few applicants are in a position to refuse a job because of arbitration agreement" Armendariz v. Foundation Health Psychcare, 6 P.3d 669 (Cal. 2000).

### C. Procedurally and Substantively Unconscionable (continued)

3

The Ninth Circuit possess jurisdiction over the defendant bearing in mind the defendant "K&M Systems Inc. is located in San Diego, California. This ruling serves to underscore that the work contract I signed is in conflict with the ninth circuit ruling: "Circuit City Stores, Inc. v Adams, 532 U.S. 105, 112 (2001)" especially considering my work contract is a prerequisite to employment. The work contract aimed to redirect my employee grievances to binding arbitration and present a one-sidedness involving the employer-employee relationship serving to benefit my former employer "K&M Systems Inc" at the expense of my civil rights.

**D. NY CPLR 7515 Prohibition Mandatory Arbitration of Employment Discrimination Claims**

Considering I filed a race discrimination complaint; pursuant to NY CPLR 7515, I'm prohibited from forced arbitration "Andowah Newton v. LVMH Moët Hennessy Louis Vuitton Inc., Sup. Ct., N.Y. County, (July 13, 2020)" this law applies retroactively. This ruling and law cited above further cements that my work contract is unconscionable considering forced arbitration is prohibited in New York State.

**E. Federal Arbitration Act (FAA -9 U.S.C. §-1 & 9 U.S.C.§ 2)**

**9 U.S.C. § 1**: Protects workers engaged in interstate commerce from binding and or forced arbitration; K&M Systems Inc. provided me with a work vehicle to commute to field sites and work in New York as well as New Jersey. I transported goods and services, performing engineering duties. **9 U.S.C. § 2**: specifies that written provisions involving commerce to be settled by arbitration needs to be included in the contract/work agreement for it to be valid and or

4

enforceable. Considering that my work contract did not specify that I would engage in "interstate commerce" or explicitly stipulate I would perform duties in Bergen County, NJ; these terms serve to substantively make my work contract unconscionable. I worked in New York and New Jersey; I did not contractually consent to work in New Jersey. I voluntarily agreed to work in New Jersey to assist my employer.

### E. Federal Arbitration Act (FAA -9 U.S.C. §-1 & 9 U.S.C.§ 2) continued

My work contract stipulates me to work in New York only and not in any other state. My work agreement falls in range of **9 U.S.C. § 1,** "New Prime Inc. v. Oliveira, 586 U.S Supreme Court. (2019)". Hon. Masumoto states that because the defendant is located in California, I reside in New Jersey and the position I was hired for was based in New York City; I entered into an interstate commerce relationship when I signed the work contract. By this logic K&M Systems Inc. could have provided me with field work in Florida or Ohio without including written provisions in the work contract to evidence "interstate commerce" and the courts would have determined that I was not a transportation worker despite driving thousands of miles in an employee vehicle crossing state lines.

I worked as a transportation worker as I was equipped with a company truck and I worked in the field crossing state lines transporting telecommunication equipment performing engineering tasks. Also, multiple provisions in my work contract speak to vehicle, including driver safety. I worked in an engineering position crossing state lines in a work truck to install/integrate telecommunications equipment in the field. I transported goods and performed engineering services. I did not work in a gig capacity like Uber or Grub hub (fast-food delivery).

5

### D.  Exempt from forced arbitration FAA 9 U.S.C. §-1 & 9 U.S.C.§ 2

My work agreement also falls in range of **9 U.S.C. § 2** considering that the work contract did not specify I would be required to work in New Jersey despite the fact I worked in New Jersey. I lacked mutual assent at contract formation because I never consented to work in New Jersey whatsoever. However, I transported goods and performed employee services in New Jersey to appease my former employer "K&M Systems Inc." despite never contractually consenting to working in the State of New Jersey via the work contract. There is no provision that mentions New Jersey in my work agreement because I did not consent to work in New Jersey.

### F. High Pressured Tactics - Unconscionable

My work contract is substantively unconscionable on the grounds that "high pressured tactics" were used considering my work agreement mandates that I had one day to sign the agreement, which shows I did not have meaningful choice or time to consider the terms of conditions (See exhibit). The high-pressure tactics i.e., "please sign in one day" speaks to the threat of economic retaliation, had I not signed the work contract; K&M Systems Inc. would have rescinded the employment opportunity as that comment served as a soft coercion tactic. The work contract is sixty-five pages, the "please sign in one day" pressure tactic illustrates that a pressure tactic was implemented at contract formation to get me to sign the employment contract fast (See Exhibit A). This was a work contract and not an offer letter (See Exhibit A)

6

### G. Conclusion

My work contract is procedurally unconscionable as a document because it's in conflict with the federal arbitration act, including NY Section 7515 (Mandatory arbitration clauses; prohibited) involving mandatory arbitration. My position is exempt from forced arbitration considering I engaged in "interstate commerce". Multiple work provisions in my work contract speak to driver and vehicle safety confirming my status as a transportation worker irrespective of my former engineer title (See Exhibit A). K&M Systems Inc. failed to include " interstate commerce" or specifically stipulate that I would in New Jersey specifically in my work contract.

**9 U.S.C. § 2**: specifies that written provisions involving commerce to be settled by arbitration needs to be included in the work contract for it to be valid and or enforceable. Unwritten provisions cannot be enforceable pursuant to **9 U.S.C. § 2**; especially when mandatory arbitration is prohibited in New York State. Also, my transportation worker status exempts me from forced arbitration. K&M Systems Inc. work agreement is substantively unconscionable specifically because the terms helped to heighten the bargaining power of the defendants over me and does not help me recover damages. The work contract is procedurally unconscionable because it redirects my race discrimination grievances to binding arbitration, which is unlawful in New York State and is in conflict with the ninth circuit in California.

### G. Conclusion continued

This contract is emblematic of discrimination considering the consequences it imposes over my civil rights and its unlawful as a contract pursuant to the **Federal Arbitration Act**

7

considering my transportation worker status. My work contract is in conflict with **NY CPLR 7515** – (Prohibition Mandatory Arbitration of Employment Discrimination Claims) as forced arbitration is unlawful in New York State; this law acts retroactively as well.

Considering everything I explained, I'm requesting that your most recent order be reversed and the defendant's motion to compel arbitration be dismissed.

Respectfully,

David Wyche

1 Towne Center Apt 621 Cliffside Park, NJ 07010

Hon. Kiyo A. Matsumoto Eastern District Brooklyn

Jeffrey Spiegel (Attorney for K&M Systems Inc. Defendant) Lewis Brisbois Christina Marie Schmid (Attorney for Crown Castle USA Inc.) Ogletree Deakins D

D. Wych
12/18/2020

# EXHIBIT A



# K&M Systems, Inc.
### Wireless Consulting

David Wyche
Cliffside Park, NJ, 07010
(718) 514-1178

August 17th, 2018

RE: Offer of Employment

Dear David,

Welcome to K&M Systems!

I am pleased to offer you a new position as a RF Field Test Engineer Contractor reporting to Joseph Tomanelli. This letter is our formal offer of employment and requires your written acceptance. If you accept this offer, we expect you to begin work on or before Thursday, August 23rd, 2018 at the request of K&M System's client, Crown Castle International.

The specific terms of your employment are listed on the attached "Additional Terms and Conditions of Employment." The terms of this letter, including the attached Additional Terms and Conditions, will become effective only upon execution by both you and K&M Systems. This letter and the Proprietary Information and Innovations Agreement supersede all prior or contemporaneous agreements, promises, communications and/or understandings between you and K&M Systems, whether written or oral.

Your employment is on an "at-will" basis. Therefore, you may terminate your employment, and K&M Systems may terminate or alter the conditions of your employment at any time, for any reason, with or without cause and with or without notice.

David, we look forward to you joining the team as a RF Field Test Engineer Contractor. Please do not hesitate to contact Katie Hunt at (323) 356-0224 if you have any questions.

Yours truly,
*Katie Hunt*
Katie.Hunt@kmswireless.com
Director of Operations

DocuSigned by:
*David Wyche*
David Wyche

Please sign, scan and email to Katie.Hunt@kmswireless.com or it may also be faxed to (858) 764- 5412 within one day.

2168 Balboa Ave, Suite 4, San Diego, CA, 92109 | Phone: (858) 581-3619 | Fax: (858) 764-5412 | www.kmswireless.com

<u>Additional Terms and Conditions of Employment for David Wyche</u>

<u>Compensation and Benefits</u>

We are offering you employment with K&M Systems as a RF Field Test Engineer Contractor at 16-16 Whitestone Expressway, 4th Floor, Whitestone, NY, 11357.

Compensation for this position will be an hourly rate of $23.50 per hour, and not to exceed 40 hours of labor per week. Any hours over 40 hours per week must have prior written approval (email will suffice) from your manager. Any hours over 40 hour per week will be paid in compliance with FLSA law. Applicable overtime rate is $35.25 per hour. You are expected to work at least 50% night shifts. For night shift hours the night differential pay is $26.00 per hour. Night shift hours are classified from 11:00pm- 7:00am.

Time off work and to and from work is not paid. K&M Systems honors all client holidays and will not bill for those days unless pre-approved. Time spent traveling to/from home to K&M's Client work location for resource not local to the Client is <u>not billable</u>. Time spent traveling on behalf of K&M's Client, on business, is billable.

Expenses – Gas card and EZ Pass will be provided. Miscellaneous expenses that have been pre-approved by K&M will be billed at cost (i.e. parking, tolls, airfare, vehicle rental, hotel, and rental equipment, etc.). Send Expenses weekly to expenses@kmswireless.com .

Compliance with company's policies & procedures. See attached employee manuals & handbooks, contractor driver agreement, employee contract, and business code of ethics. Background check and post-offer/pre-employment drug screenings will be done.

As an employee, you will be eligible to participate in the K&M Medical Insurance Plan after a 30-day probationary period of employment. K&M Systems, Inc will cover the K&M Plan healthcare cost up to $225 a month and an additional fee may be deducted.

You may participate in the Retirement Plan after 1 year of full-time service which is a 401K Safe Harbor Plan. Please refer to the employee handbook for details. Any of these plans, from time to time, be amended or terminated.

<u>Dispute Resolution</u>

Except as otherwise agreed, any controversy or claim arising out of, or relating to your employment relationship with K&M Systems, and any agreements hereafter entered into between you and K&M Systems in connection with your employment relationship, shall be settled by binding arbitration in accordance with the then current dispute resolution rules applicable to employment disputes (the "Rules") of one of the following named national arbitration organizations: JAMS Endispute, the National Arbitration Forum, or the AAA, to the extent such rules do not conflict with any provision of this paragraph. Such arbitration shall be held in San Diego, California, before a single neutral arbitrator selected in accordance with the Rules, and the internal laws of the State of California shall govern the interpretation of the terms and conditions of your employment and of this offer letter. If you initiate arbitration, you will pay the arbitration organization's filing fee to the extent that it is equal to the current filing fee in the appropriate court had you brought your claim there. K&M Systems will pay the arbitrator's fee and any costs directly associated with the use of arbitration that are imposed in connection with the proceeding, but you will remain responsible for the costs of your attorneys, discovery, expert witnesses and other costs you would have had to bear had the matter been filed in court. Any demand for arbitration must be made within the applicable statute of limitations. Any award, order or judgment pursuant to arbitration under this paragraph must be in writing, and shall be deemed final and binding and may be entered and enforced in any state or federal court of competent jurisdiction. Both you and K&M systems agree to submit to the jurisdiction of any such court for purposes of the enforcement of any such award, order or judgment.

<u>Return of Company Property; Payroll Deductions</u>

David, your acceptance of this offer constitutes your written authorization to offset any amounts that you owe K&M Systems, including advances and reimbursement for equipment not returned, from any amount that the company may owe you, including wages, commissions, bonuses payable or pending expense reimbursements.

<u>Non-discrimination Policy</u> K&M Systems, Inc. does not discriminate based upon race, color, religion, sex, or national origin with respect to hiring, compensation and terms, conditions or privileges of employment

Sincerely,
Katie Hunt
Director of Operations

DocuSigned by:
*David Wyche*
David Wyche

2168 Balboa Ave, Suite 4, San Diego, CA, 92109 | Phone: (858) 581-3619 | Fax: (858) 764-5412 | www.kmswireless.com

DocuSign Envelope ID: 94D8A0DD-68AF-4F77-AC8D-4E2F56A3A539

**K&M SYSTEMS SAFETY MANUAL**  PAGE 4



K&M Systems, Inc.

**How to use this Manual:**

1) Find your job on Page 5.
2) Review the Duties, Risks and Required Training (PAGE 5)
3) Complete each training section as required.
4) Print this page, fill out the form for as a checklist as you complete sections of safety training and fax it back to 858-764-5412 along with signature pages required from the training sections. This will serve as a documentation record so we know you have completed the required sections.

Please fill this out:

Name: _David Wyche_    Date: _8/19/2018 8:30:19 PM PDT_

My K&M Job is: _RF Field Test Engineer_

Fill out your required Training based on the Safety Matrix on Page 5:

| REQUIRED TRAINING | SIGN WHEN COMPLETED | DATE COMPLETED |
|---|---|---|
| 1) DRIVING (EVERYONE) | David Wyche<br>—84E785A888844F2 | 8/19/2018 8:30:19 PM PDT |
| 2) | | |
| 3) | | |
| 4) | | |
| 5) | | |

**Additional Suggestions:**

_____

_____



K&M Systems, Inc.

## K&M Systems Job Safety Matrix

This matrix lists typical duties, safety risks, and the required training to complete based on your job.

| JOB | Typical Duties | Safety Risks | Required Training Or Safety Information |
|---|---|---|---|
| RF Engineer | Survey Poles<br>Visit sites<br>Collect data (in cars)<br>Enter buildings<br>Analyzing data | Driving<br>Failure to wear PPE | Driving Safety (Pg 6)<br>Safety Equipment (pg 27) |
| Drive Test Technician | Collect data in a car.<br>Carrying equipment<br>Analyzing data | Driving | Driving Safety (Pg 6)<br>Safety Equipment (pg 27) |
| Acceptance Testing Procedure Technician (ATP Tech) | Commission fiber optic repeaters on poles using a bucket truck. | Driving<br>Working aloft<br>Electrical hazards<br>Failure to wear PPE | Driving Safety (Pg 6)<br>Electrical Hazards (pg15)<br>Safety Equipment (pg 27) |
| 911 Testing Engineer | Makes 911 calls on wireless sectors to government call centers called PSAPs | Driving | Driving Safety (Pg 6)<br>Safety Equipment (pg 27) |
| Cell Site Technician | Configures cell site equipment. | Driving<br>Failure to wear PPE | Driving Safety (Pg 6)<br>Safety Equipment (pg 27) |
| Assistant Technician/ Safety Watch | Hold the pole and maintain safety for the public, the technician, and yourself. | Electrical Hazards<br>Failure to wear PPE | Electrical Hazards (pg15)<br>Pole Holding (Pg 13)<br>Safety Equipment (pg 27) |

NOTES:  PPE – Personal Protective Equipment (such as hard hats, gloves, safety goggles)



K&M Systems, Inc.

# K&M DRIVER SAFETY GUIDELINES

It is K&M System's policy that each vehicle be operated and maintained in the safest possible manner. Common sense, good judgment, courtesy, and proper vehicle maintenance are the responsibilities of all company vehicle operators.

If you fail to fully initial and sign the K&M Systems Contractor Driver Safety requirements below you will be prohibited from driving a K&M Systems vehicle, owned & rented.

Please review each of the following clauses and initial your understanding:

Print t pages 6 and 7 and fax back completed form to 858-764-5412.

*DW* I understand that I may not drive a K&M System's vehicle, either owned or rented unless my Motor Vehicle Record has been properly screened and approved.

*DW* I understand that Company vehicles may not be lent to anyone unless there is a valid K&M Systems business purpose and the driver to whom the vehicle is lent has signed the K&M Systems Driver Agreement and been pre-approved to drive a vehicle. I also understand that I will be subject to periodic MVR checks as long as I drive a K&M Systems vehicle and that I will be prohibited from driving a K&M Systems vehicle if I fail to meet K&M System's MVR standards.

*DW* I understand that K&M System's vehicles may **NOT** be used for personal use. Consultants and contractors may not use a K&M Systems vehicle to commute between home and work locations unless the are pre-approved by either Mark Majernik or Nikki Majernik.

*DW* I agree to become familiar with and obey all traffic laws and rules and to exercise due care at all times while driving a K&M Systems vehicle.

*DW* I understand that "distracted driving" is potentially dangerous, and therefore **NOT** allowed by K&M System's policy. I understand that driving is my first responsibility when I am operating a motor vehicle. I will only use my wireless phone while driving after assessing the existing driving conditions and concluding that it can be used safely at that time. **Laptops, email devices, and drive test equipment may NOT be operated by the driver while the vehicle is in motion.**

*DW* Before I drive for K&M, I will perform these safety checks:

    Outside vehicle check:
        - Tires have correct pressure
        - Make sure there are no lose wheel-nuts
        - Lights work (headlights, turn signals, and brakes)
        - Oil is at recommended fill line
        - Water is at fill line

K&M SYSTEMS SAFETY MANUAL                                          PAGE 7

    - Outside cleanliness – All windows are clean and have visibility

Inside vehicle check:
- Visibility check (mirror and any obstructions of the line of sight)
- Documents are in vehicle (insurance and rental contract if applicable)
- Fuel is adequate for driving distance plus margin.
- Dashboard check – no service lights on.
- Safety belt is worn correctly.
- Inside cleanliness – no clutter will interrupt controls or fly inside when stopped.
- Music (there must be no possibility of changing CDs whilst driving)
- Adjusting of the seat/steering wheel to correct and make comfortable posture

[DW] I will keep the vehicle and **its contents safe and secure.** To the extent possible and reasonable, contents should be removed from the vehicle whenever unattended. Personal contents are not covered by K&M Systems if lost or stolen.

[DW] Within with hour, I will report to my K&M Systems manager and to K&M System's Accident Reporting number (619)392-0642 any and all accidents involving a K&M Systems vehicle. Each accident report should include photos and accident reports. These reports will be forwarded to Katie@kmswireless.com

[DW] Safety belts must be worn by the driver and all passengers at all times while a K&M Systems vehicle is in motion.

[DW] I understand that smoking is **NOT** allowed in K&M Systems vehicles.

[DW] I understand that parking tickets and toll violations issued to a K&M Systems vehicle in my care and moving violations issued to me are my responsibility to pay.

[DW] I understand that I am responsible for maintain and servicing any **owned** company vehicle assigned to me, in accordance with the manufacturer's Owner Manual.

[DW] I understand that violations of K&M Systems company policy are subject to corrective action up to and including termination of my contract. Additionally, I will be personally responsible for reimbursing K&M Systems for damage or theft if the loss occurred during unauthorized use of the K&M Systems vehicle.

[DW] I have read and understand the mandatory Car Safety information on pages 8-12 of this manual.

**Print your name:**

**First:** David _____  **Initial:** [DW]  **Last:** Wyche _____

**Sign your name:**

_David Wyche_ (DocuSigned by: 84E785A888844F2...)   **Date:** 8/19/2018  8:30:19 PM PDT



# K&M Systems, Inc.

## CONTRACTORS DRIVER AGREEMENT

[DW] Before I drive for K&M Systems, I will perform these safety checks:

Outside vehicle check:

- Tires have correct pressure; wheel nuts are secure & tight.
- All lights are in working order
- No new damage

Inside vehicle check:

- Documents are in vehicle (insurance, rental agreement)
- Fuel is adequate for driving distance
- Dashboard Check for service light – oil pressure, water pressure & tire pressure, ect.
- Visibility check with mirrors for any obstruction of line of sight
- Seat Belt is in working order
- Secure Cargo
- Avoid distraction

## 5 TIPS FOR SAFE DRIVING

    

AVOID DISTRACTIONS | WEAR YOUR SEAT BELT | DON'T SPEED | STAY CALM, BE ALERT | SEMI SAFETY

Print your name

First: David          Last: Wyche

Sign your name here:

*DocuSigned by: David Wyche*
84E785A888844F2...

Date 8/19/2018 8:30:19 PM PDT

Updated K&M 5/2016

* FILED *

2020 DEC 18 AM 10: 37

U.S. DISTRICT COURT
E.D.N.Y.

David Wyche
1 Towne Center Apt 61
Cliffside Park, NJ 07010   (718) 514-1178

