```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
 DAVID WYCHE,

                    Plaintiff,                    MEMORANDUM AND ORDER

     - against -                                  19-CV-7202(KAM)

 KM SYSTEMS, INC. et al,

                    Defendant.
----------------------------------------X
```

**MATSUMOTO, United States District Judge:**

On December 18, 2020, Plaintiff David Wyche ("Plaintiff") filed a motion for reconsideration, (ECF No. 34, Motion for Reconsideration), of this court's December 8, 2020 Memorandum & Order granting Defendants' motion to compel arbitration and staying the proceedings pending the arbitration of plaintiff's claims.  (ECF No. 33, Order.)  Presently before the court is plaintiff's motion for reconsideration, (ECF No. 34, Motion for Reconsideration), Defendants', K&M Systems, Inc. ("K&M") and Crown Castle USA Inc. ("Crown Castle")(collectively "defendants"), memorandum in opposition to plaintiff's motion (ECF No. 37, Defendants' Memorandum in Opposition), and plaintiff's reply to defendants' memorandum.  (ECF No. 39, Plaintiff's Reply.)  For the reasons set forth, plaintiff's motion for reconsideration is denied.

The court foregoes a recitation of the procedural history and facts of this case, which have been set forth in

this court's December 8, 2020 Memorandum and Order, (ECF No. 33, Order), and incorporates them by reference herein.

## LEGAL STANDARD

"Under Local Civil Rule 6.3, the standard for a motion for reconsideration is 'strict.'" *Norton v. Town of Islip*, No. 04-CV-3079, 2013 WL 84896, at 3 (E.D.N.Y. Jan. 7, 2013) (citing *Schrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "A motion for reconsideration may be granted only if a court overlooked (1) factual matters that were put before it on the underlying motion or (2) controlling legal authority." *Rollins v. N.Y. State Div. of Parole*, No. 03-CV-5952, 2007 WL 539158, at 2 (E.D.N.Y. Feb. 16, 2007); *see also Virgin Atl. Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) ("The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." (internal quotation marks omitted)). "A motion for reconsideration is 'not intended as a vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion.'" *WestLB AG v. BAC Fla. Bank,* 912 F. Supp. 2d 86, 95 (S.D.N.Y. 2012) (quoting *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003)).  Indeed, "Local Rule 6.3 generally precludes a movant from 'advancing new facts, issues

or arguments not previously presented to the court.'"  *Id.*
(quoting *United States v. Tillman*, No. 07-CR-1209, 2009 WL
1270301, at *1 (S.D.N.Y. May 6, 2009)).  Nor is a motion for
reconsideration "a chance for a party to take a 'second bite at
the apple.'" *Id.* (quoting *Rafter v. Liddle*, 288 F. App'x 768,
769 (2d Cir. 2008)).

  "It is within the sound discretion of the district
court whether or not to grant a motion for reconsideration."
*Markel Am. Ins. Co. v. Linhart,* No. 11-CV-5094, 2012 WL 5879107,
at *2 (E.D.N.Y. Nov. 16, 2012).  In exercising this discretion,
the court must be mindful that "a motion for reconsideration 'is
not favored and is properly granted only upon a showing of
exceptional circumstances.'"  *Nakshin v. Holder*, 360 F. App'x
192, 193 (2d Cir. 2010) (quoting *Marrero Pichardo v. Ashcroft*,
374 F.3d 46, 55 (2d Cir. 2004)).

### DISCUSSION

  Plaintiff requests that this court reconsider its
determinations that (1) the arbitration agreement was not
unconscionable, and that the (2) plaintiff's claims were within
the scope of the arbitration agreement.  (*See generally* ECF No.
34, Motion for Reconsideration.)  Plaintiff alternatively
asserts that New York CPLR § 7515 prohibits arbitration on
plaintiff's claims.  (*Id.*)  The court concludes that plaintiff

has failed to provide sufficient bases to merit modification of this court's previous order.

Plaintiff has not identified any "controlling legal authority" that the court overlooked, "intervening change of controlling law," or "clear error" made by the court in compelling arbitration.  Plaintiff's arguments in the motion for reconsideration correspond with those made in plaintiff's memorandum in opposition to compel arbitration.  (*See* ECF No. 34, Motion for Reconsideration; ECF No. 28, Memorandum in Opposition to Compel.)  Plaintiff has simply cited to more cases than those presented previously, *i.e. Cir. City Stores, Inc. v. Adams*, 532 U.S. 105, 121 S. Ct. 1302, 149 L. Ed. 2d 234 (2001), to support his contention that the arbitration agreement is unconscionable and that the claims are outside the arbitration agreement.

Plaintiff's motion fails to comply with the presumption that a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir.2012), as amended (July 13, 2012) (internal quotation marks omitted).  The court, thus, declines to grant plaintiff's motion for reconsideration.

In addition to the previously litigated issues, plaintiff newly asserts that he is exempt from the FAA pursuant to CPLR § 7515.  (*See* ECF No. 34, Motion for Reconsideration at 4.)  Plaintiff did not raise this argument in his opposition to defendants' motion to compel arbitration.  (*See generally* ECF No. 28, Memorandum in Opposition to Compel.)  Accordingly, this court denies plaintiff's motion for reconsideration on this issue.  *See Caribbean Trading & Fidelity Corp. v. Nigerian Nat'l Petroleum Corp.*, 948 F.2d 111, 115 (2d Cir.1991) (holding that a court may not entertain "arguments raised for the first time on a motion for reconsideration"), *cert. denied*, 504 U.S. 910, 112 S.Ct. 1941, 118 L.Ed.2d 547 (1992); *Wiesner v. 321 W. 16th St. Assocs.*, No. 00 Civ. 1423(RWS), 2000 WL 1585680, at 4 (S.D.N.Y. Oct. 25, 2000) ("Plaintiffs' motion for reconsideration is denied because the Plaintiffs raise new arguments and cite to case law not previously put before the Court.")

Moreover, even assuming plaintiff's newest argument was timely raised, this Court finds that CPLR § 7515 is preempted by the FAA.  As discussed in *Charter Communications Inc. v. Garfin*, Section 7515 was amended in 2019 "to expand the prohibition on mandatory arbitration with respect to all forms of unlawful discrimination."  *Charter Commc'ns, Inc. v. Garfin*, No. 20 CIV. 7049 (KPF), 2021 WL 694549, at 13 (S.D.N.Y. Feb. 23, 2021).  District courts in this Circuit, however, have since

determined that Section 7515 is preempted by the FAA.  *See id.*;
*Gilbert v. Indeed, Inc.*, No. 20 Civ. 3826, 2021 WL 169111, at
13-15 (S.D.N.Y. Jan. 19, 2021); *White v. WeWork Cos.*, No. 20
Civ. 1800, 2020 WL 3099969, at 5 (S.D.N.Y. June 11, 2020); *Latif
v. Morgan Stanley & Co.*, No. 18 Civ. 11528 (DLC), 2019 WL
2610985, at 3-4 (S.D.N.Y. June 26, 2019).  This court similarly
finds that the New York law is preempted by the FAA, and
therefore, plaintiff's discrimination claim is arbitrable.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion for
reconsideration is DENIED.  The Clerk of Court is respectfully
requested to serve a copy of this Order on plaintiff and note
service on the docket.  The Court certifies pursuant to 28 U.S.C.
§ 1915 (a)(3) that any appeal from this order would not be taken
in good faith.  *Coppedge v. United States*, 369 U.S. 438, 444-45
(1962).  The parties are directed to jointly update the court
immediately after completing arbitration or otherwise resolving
this matter.

**SO ORDERED.**

Dated:    April 19, 2021
          Brooklyn, New York

_____/s/_____
HON. KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York

6